UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PHYLLIS DENISE FELDER,**

    **Plaintiff,**

v.                                                                  Case No:  6:13-cv-1403-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

The Plaintiff Phyllis Denise Felder (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability benefits.  Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to: (1) state with particularity the weight given to the medical opinion of Dr. Louise Wunsch and the reasons therefor; (2) identify reasons supported by substantial evidence for rejecting Dr. David Carpenter's opinion;  (3) consider Claimant's wrist impairment and abdominal pain, and to assign limitations therefrom, in the ALJ's residual functional capacity assessment (the "RFC") and in the hypothetical question to the vocational expert (the "VE"); and (4) to identify substantial evidence supporting the ALJ's finding that there is no medical evidence indicating that Claimant has chronic lower extremity edema.   Doc. No. 15 at 7-15.  For the reasons set forth below, it is **ORDERED** that the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

I.   **ANALYSIS.**

This case presents the commonly reoccurring circumstance where an ALJ's failure to state with particularity the weight given to all of the medical opinions of record, and the reasons therefor, frustrates the Court's ability to conduct substantial evidence review.  The ALJ's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's sequential evaluation process for determining disability.  In cases like this one, involving the ALJ's handling of the medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Commissioner of Social Security*, 533 F. App'x 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[1]  In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id.*

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

(citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

In this case, the medical opinions at issue are as follows: (1) Dr. Louise Wunsch's March 15, 2010, non-examining opinion (R. 465-72); and (2) Dr. David Carpenter's November 6, 2009, consultative examining opinion (R. 449-54).[2] In short, although there are differences between their opinions, Drs. Wunsch and Carpenter both opine that Claimant is limited to sedentary work. R. 451, 466-67, 471.[3] For example, Dr. Wunsch opined that Claimant is capable of lifting and carrying a maximum of 10 pounds occasionally and less than 10 pounds frequently, and she can stand and walk for 2 hours in an eight-hour workday. R. 466-67. Dr. Carpenter opined that Claimant "is limited in her ability to perform work related activities involving prolonged standing, ambulation, lifting and carrying," and "[s]he appears capable of sedentary activities." R. 451.[4]

In the decision, the ALJ found at step-two of the sequential evaluation process that Claimant has the following severe impairments: "diabetes mellitus, hypertension poorly controlled

---

[2] The record contains no medical opinions from any treating physician regarding Claimant's functional limitations or what Claimant can still do despite her impairments.

[3] The regulations provide that sedentary work requires an ability to lift and carry "no more than 10 pounds at a time," and is defined as one which involves sitting most of the work day, but "a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

[4] The record also contains an RFC from an agency decision-maker, who is not a medical doctor, but makes an initial decision at the application level. R. 456-63. The agency decision-maker also opined that Claimant is limited to sedentary work. R. 457 (stating Claimant has lifting restrictions, "but she should be able to perform sedentary-type work.").

secondary to medical noncompliance, degenerative disc disease of the cervical spine, congestive heart failure, asthma, and obesity." R. 19.  With respect to Claimant's RFC, the ALJ ultimately found that:

> [C]laimant has the residual functional capacity to perform light work . . . except the claimant must have the option to sit and/or stand every thirty minutes, and the claimant cannot be exposed to dust, fumes, chemicals or other pulmonary irritants and cannot be exposed to extreme humidity.

R. 21.  Thus, the ALJ's RFC is for a reduced range of light work, which conflicts with the opinions of Drs. Wunsch and Carpenter.  R. 21, 451, 466-67.[5]

The ALJ never mentions Dr. Wunsch's opinion that Claimant is limited to sedentary work. R. 17-26.  With respect to Dr. Carpenter, the ALJ states:

> As for the opinion evidence, the objective findings of Dr. [Carpenter] are given a considerable degree of weight.  However when considering his findings in light of the medical evidence of record as whole, there is no support for the proposition that the claimant could do no more than sedentary work, and accordingly that conclusion is not accepted.  Rather when considering the medical evidence available at the hearing level as a whole, including the claimant's own reports to other medical providers and mental health professionals, she objectively is capable of performing a reduced range of light work activities.

R. 24.  Thus, the ALJ rejects Dr. Carpenter's opinion that Claimant is limited to sedentary work. *Id*.  In doing so, the ALJ states that "there is no support for the proposition that the claimant could do no more than sedentary work."  *Id*.  The ALJ generally identifies the evidence "as a whole," including the Claimant's "own report" to medical providers as supporting her RFC findings.  *Id*.

The ALJ's handling of the medical opinion evidence warrants reversal for three primary reasons.  First, the ALJ's failure to state with particularity the weight given to Dr. Wunsch's

---

[5] The regulations provide that "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying objects weighing up to 10 pounds," and "it requires a good deal of walking or standing."  20 C.F.R. § 1567(b).

opinion (R. 466-67) is reversible error. *See Winschel*, 631 F.3d at 1178-79. *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).[6]  Second, one of the reasons the ALJ gave for rejecting Dr. Carpenter's opinion (R. 451) that Claimant is limited to sedentary work is that there is no support for such a conclusion in the record. R. 24. That reason for rejecting Dr. Carpenter's opinion is not supported by substantial evidence because the only other medical opinion evidence in the record, Dr. Wunsch's opinion (R. 466-67), also opines that Claimant is limited to sedentary work.[7]  Stated differently, there are no medical opinions in the record supporting the ALJ's finding that Claimant is capable of performing light work. Third, the other main reason articulated by the ALJ for rejecting Dr. Carpenter's opinion is that the opinion is contrary "to the medical evidence of record as [a] whole." R. 24. Courts have routinely rejected such conclusory reasons for rejecting a medical opinion. *See Anderson v. Astrue,* No. 3:12-cv-308-J-JRK, 2013 WL 593754 at *5 (M.D. Fla. Feb. 15, 2013) (ALJ must do more than recite a good cause reason to rejecting medical opinion and must articulate evidence supporting that reason) (citing authority); *Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, No. 6:07-cv-932-Orl-19DAB,

---

[6] The Commissioner argues that the ALJ's failure to state with particularity the weight given to Dr. Wunsch's opinion and the reasons therefor is harmless because the opinion relates to a time period after the Claimant's date last insured. Doc. No. 16 at 5-6. The Court disagrees. Claimant applied for both Supplemental Security Income and Disability Insurance Benefits. *See* R. 17, 137-45. Supplemental Security Income, unlike Disability Insurance Benefits, has no date last insured requirement. *See* 20 C.F.R. § 416.110. The ALJ recognized this distinction and, in the decision, the ALJ stated that Claimant "has not been under a disability . . . from December 1, 2008, through the date of this decision." R. 17. Thus, Dr. Wunsch's opinion is highly relevant to Claimant's claim for Supplemental Security Income, and the ALJ's failure to properly consider it under the *Winschel* standard is clearly prejudicial.

[7] Moreover, although it is not a medical opinion, the agency's single decision maker also opined that Claimant is limited to sedentary work. R. 457.

2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). The Court "cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity . . . the weight accorded the evidence considered." *Ryan v. Heckler*, 762 F.2d 939, 941 (11th Cir. 1985). This is why, in the Eleventh Circuit, when an ALJ fails to state with particularity the weight given to each medical opinion and the reasons therefor, "'it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). The ALJ erred by failing to state with particularity the weight given and the reasons therefor to the Dr. Wunsch's opinion, and the ALJ's rejection of Dr. Carpenter's opinion is not supported by substantial evidence. Accordingly, the final decision of the Commissioner must be reversed and remanded for further proceedings.[8]

## II.     CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3. The Clerk is directed to close the case.

---

[8] Due to the ALJ's errors with respect to the opinion evidence, the case must be remanded for further proceedings. On remand, the ALJ will necessarily have to reconsider and weigh all of the evidence, formulate a new RFC and, if necessary, solicit new testimony from a VE. Accordingly, it is unnecessary to determine whether the ALJ erred with respect to Claimant's alleged wrist impairment, abdominal pain, and chronic lower extremity edema.

**DONE AND ORDERED** in Orlando, Florida on May 7, 2014.

---
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Teresa J. McGarry
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Bldg., Suite 400
8880 Freedom X'ing Trl.
Jacksonville, FL 32256-1224